**FILED**

FEB 09 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN HALL,

    Plaintiff,

v.

DR. GRANT,

    Defendant.

No. C 15-4778 LHK (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.15\Hall778dwla.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that, on December 24, 2014, he requested a medical appointment with a doctor because plaintiff suspected he had pneumonia. Plaintiff was evaluated by an unspecified staff member at the Triage and Treatment Area ("TTA"), and was told that nothing was wrong. Plaintiff was sent back to his housing unit. Plaintiff felt chest pains, and was sent back to the TTA. Again, an unspecified person at TTA told plaintiff nothing was wrong with him. Plaintiff returned to his housing unit. On January 3, 2015, plaintiff passed out and became unconscious. Plaintiff was transported via wheelchair back to the TTA. Someone measured plaintiff's temperature at 103.4 degrees. According to the exhibits attached to plaintiff's complaint, on January 5, 2015, plaintiff was placed into administrative segregation for an unspecified reason. That same day, plaintiff was having chest pains, and someone at the TTA prescribed antibiotics to plaintiff. On January 6, 2015, plaintiff received chest x-rays, and it was determined that plaintiff had pneumonia. Plaintiff asked to be taken to the hospital, but his request was denied. Plaintiff was given antibiotics, which lasted until January 9, 2015.

Plaintiff claims that Dr. Grant refused to place plaintiff in the hospital, that Dr. Grant never visited plaintiff while plaintiff was in administrative segregation, and that Dr. Grant never provided any IV fluids to plaintiff until plaintiff demanded receiving them.

It appears that plaintiff is attempting to raise a claim of deliberate indifference against Dr. Grant. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that

need. *See McGuckin*, 974 F.2d at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, liberally construed, plaintiff has not sufficiently alleged that Dr. Grant knew that plaintiff faced a substantial risk of serious harm, and failed to take reasonable steps to abate it. There is no reasonable inference from the facts presented that Dr. Grant's purposeful act or failure to act caused any resulting harm. It is well-established that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In sum, there are simply no facts to support plaintiff's claim that Dr. Grant demonstrated a deliberate indifference to plaintiff's serious medical needs.

If plaintiff can do so in good faith, plaintiff may amend his complaint to allege that Dr. Grant was deliberately indifferent to his serious medical needs. Specifically, plaintiff must allege facts showing that Dr. Grant's actions both actually and proximately caused the deprivation of a federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff must state facts sufficient to lead to a reasonable inference that Dr. Grant knew plaintiff faced a serious risk of substantial harm, and failed to take reasonable steps to abate this harm. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-4778 LHK (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/8/2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge